

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-16-2007

# USA v. Austin

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1919

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Austin" (2007). *2007 Decisions.* Paper 1101.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1101

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No: 06-1919
_____

UNITED STATES OF AMERICA

v.

GEORGE AUSTIN,

Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 05-cr-00280-1)
District Judge: Honorable Eduardo C. Robreno
_____

Submitted Under Third Circuit LAR 34.1(a)
May 11, 2007

Before: RENDELL, JORDAN and ALDISERT, *Circuit Judges*

(Filed May 16, 2007)

_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

George Austin appeals from his conviction of one count of conspiracy to commit

Hobbs Act robbery in violation of 18 U.S.C. § 1951(a)(1); twelve counts of Hobbs Act

robbery in violation of 18 U.S.C. § 1951(a)(1); and twelve counts of carrying and using a

firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(C)(I). He asserts that there was not sufficient evidence to prove beyond a reasonable doubt that his actions during the course of the robberies had an effect on interstate commerce, as required by the Hobbs Act. The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We exercise appellate jurisdiction under 28 U.S.C. § 1291. For the reasons set forth below, we will affirm.

## I.

From January 10, 2005, to February 9, 2005, Austin, with three other men, committed a series of armed robberies in Philadelphia, Pennsylvania. Those business establishments included small grocery stores in residential neighborhoods, convenience stores such as Sunoco A-Plus markets and 7-Eleven, and Dunkin' Donuts.

At trial, the business owners and employees testified that Austin stole money from the registers. In addition, owners and employees testified about the types of products they sold. All the corner grocery stores sold major brands of cigarettes and Canada Dry beverages. A wholesale distributor for the major cigarette companies stated that all cigarettes for the major brands are manufactured outside of Pennsylvania. A Canada-Dry employee testified that Canada Dry services several of the victimized corner grocery stores and that all the beverage products it provides are manufactured in New Jersey. A Dunkin' Donuts employee testified that the products sold at his shop are from New Jersey. An employee for a grocery distribution company stated that the goods it provides to the victimized Sunoco A-Plus markets and the 7-Eleven are shipped from either

2

Virginia or New York. A jury concluded beyond a reasonable doubt that Austin's actions affected interstate commerce. Austin now argues on appeal that the government failed to sufficiently establish that the robberies had a negative impact on commerce because "[n]o owner or employer of any of the stores testified that their business was [a]ffected in any manner at all."

## II.

We apply a deferential standard of review to determine whether there is legally sufficient evidence to support a jury verdict. *United States v. Dent*, 149 F.3d 180, 187 (3d Cir. 1998). We do not weigh the evidence or determine the credibility of the witnesses; rather, we view the evidence in the light most favorable to the government and sustain the verdict if "any trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (quoting *United States v. Voigt*, 89 F.3d 1050, 1080 (3d Cir. 1996)).

18 U.S.C. § 1951(a) provides:

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

To sustain a conviction for robbery under the Hobbs Act, the government must prove that the robbery interfered with interstate commerce. *United States v. Haywood*, 363 F.3d 200, 209 (3d Cir. 2004). *See also Stirone v. United States*, 361 U.S. 212, 218 (1960)

3

("The charge that interstate commerce is affected is critical since the Federal Government's jurisdiction of this crime rests only on that interference.") However, if a defendant's conduct "produces any interference with or effect upon interstate commerce, whether slight, subtle or even potential, it is sufficient to uphold a prosecution under [§ 1951]." *United States. v. Urban*, 404 F.3d 754, 764 (3d Cir. 2005) (quoting *Haywood*, 363 F.3d at 209-10). In addition, a jury "may infer that interstate commerce was affected to some minimal degree from a showing that the business assets were depleted." *Id.* (quoting *Haywood*, 363 F.3d at 210).

In *Haywood*, we concluded that there was sufficient evidence to sustain a conviction for interference with commerce by robbery where a bar's assets were depleted by the robbery, and the bar sold beer that came from outside the Virgin Islands. 363 F.3d at 210-11. Here, the owners and employees of the victimized establishments all testified that Austin stole money from their registers, obviously depleting the assets of those businesses. In addition, there was testimony that the business establishments all sold products that came across state lines. That evidence was sufficient for a rational trier of fact to have concluded that the robberies had at least a slight impact on interstate commerce. It was unnecessary for the owners to directly testify that their businesses were affected by the robberies, because a jury "may infer that interstate commerce was affected to some minimal degree from a showing that the business assets were depleted." *Urban*, 404 F.3d at 765 (quoting *Haywood*, 363 F.3d at 210).

4

## III.

Accordingly, we will affirm the judgment of conviction for all counts.